UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Thasku Joseph, ) | |
| ) | |
| Plaintiff, ) | Case: 1:16-cv-02460 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 12/19/2016 |
| ) | Description: Pro Se Gen. Civ. F-DECK |
| Mike Darby, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* "Affidavit Express Petition Complaint," which is accompanied by an application for leave to proceed *in forma pauperis*. The application will be granted, and the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(iii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted or seeks monetary damages from an immune defendant).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff resides in Guam. He "demand[s]" a "court order to pay us. For damages." Compl. at 1. Beyond the caption, the complaint is largely unclear. It consists of assorted documents that fail to shed any light on a claim and a basis for federal court jurisdiction. Furthermore, the complaint simply fails to conform to this court's local rules governing the "Form and Filing of Documents," LCvR 5.1, by, among other requirements, providing in the caption plaintiff's "full residence address," and "the name and full residence address or official address" of the "others" plaintiff purports to sue. As a general rule, "a document that does not conform to the requirements of [that] Rule and Fed. R. Civ. P. 10(a) [requiring that all parties be named in the title of the first filing] shall not be accepted for filing." LCvR 5.1(g).

Notwithstanding the foregoing defects, the court will dismiss the complaint against the named defendant not only because it fails to state a cognizable claim but also because, as best that can be discerned, the claim is premised on alleged acts Mr. Darby would have taken within the scope of his employment. And "clerks, like judges, are immune from damages suits for performance of tasks that are an integral part of the judicial process." *Fields v. Harris*, --- Fed. Appx. ---, 2016 WL 4098646, at *1 (D.C. Cir. July 26, 2016) (per curiam) (citing *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam)). A separate order accompanies this memorandum opinion.

Date: December 16, 2016

_____
United States District Judge